**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **AMERICAN RECREATION PRODUCTS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**NOVUS PRODUCTS COMPANY, LLC,<br>PINNACLE PRODUCTS COMPANY, LTD.,<br>PINNACLE PRODUCTS COMPANY #2, LTD.,<br>and DONALD G. MOORE,**<br><br>Defendants. | No. 4:06CV258-DJS |

### ORDER

In its first amended complaint, plaintiff, the manufacturer of a collapsible safety cone product called the Handy Cone, asserts claims of trade dress infringement, copyright infringement, and unfair competition under 15 U.S.C. § 1125 and Missouri common law against defendants collectively. Defendants Pinnacle and Pinnacle #2, limited liability companies with registered agents in Rogers, Arkansas, and defendant Novus, whose place of business is also in Rogers, Arkansas, are alleged to have sold the allegedly infringing products called the Quick Cone and the Pocket Cone.[1] Defendant Moore, who also resides in Rogers, Arkansas, is the president of defendant Novus, a manager of defendant Pinnacle, and the organizer of defendant Pinnacle #2.

---

[1] Rogers, Arkansas is located in the Western District of Arkansas.

Defendants Pinnacle, Pinnacle #2, and Moore ("movants") have filed a motion to dismiss or, in the alternative, to transfer to the Western District of Arkansas, asserting that this Court cannot exercise personal jurisdiction over them. The party seeking to invoke federal jurisdiction has the burden of establishing that jurisdiction exists. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). "To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). When, as in this case, the Court does not hold a hearing but instead relies on pleadings and affidavits, the Court must look at the facts in the light most favorable to the nonmoving party, resolving all factual conflicts in favor of that party. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citation omitted).

For the purposes of ruling on the instant motion, the Court makes the following findings, interpreting all disputed facts in favor of the non-movant. Defendant Novus has made sales and shipped the products at issue to a Wal-Mart store in the Eastern District of Missouri.[2] Defendants Pinnacle and Pinnacle #2 are limited liability corporations that have never conducted any business, but have registered agents in Rogers, Arkansas.

---

[2] Wal-Mart took possession of the products at the point of origin--Rogers, Arkansas.

Defendant Pinnacle's only connection with the State of Missouri is through its ownership of defendant Novus. Defendant Pinnacle #2's only connection with the State of Missouri is through the board members it shares with defendant Novus. Finally, defendant Moore has visited and traveled through the State of Missouri for recreational purposes, but does not have regular business contact with anyone in Missouri. Defendant Moore has only bought and sold the products at issue in his official capacity through defendant Novus.

In analyzing a motion to dismiss for lack of personal jurisdiction, the Court must engage in a two-pronged analysis as to whether there is personal jurisdiction over the non-resident defendants under the state long-arm statute and whether the exercise of personal jurisdiction over the defendants would violate the due process clause of the Fourteenth Amendment. <u>Falkirk Min. Co. v. Japan Steel Works, Ltd.</u>, 906 F.2d 369, 373 (8th Cir. 1990). However, "Missouri caselaw is clear that the purpose of the long-arm statute is 'to extend the jurisdiction of the courts . . . to that extent permissible under the Due Process Clause of the Fourteenth Amendment.'" <u>In re Texas Prisoner Litig.</u>, 41 F. Supp. 2d 960, 962 (W.D. Mo. 1999) (citing <u>State ex rel. Deere & Co. v. Pinnell</u>, 454 S.W.2d 889, 892 (Mo. 1970) (en banc)). As such, "the examination of whether Missouri's long-arm statute has been satisfied is coextensive with whether the assertion of personal jurisdiction over the defendant meets the requirements of due

3

process, and the analysis is collapsed into the single question of whether asserting jurisdiction violates the Due Process Clause." Bell v. Imperial Palace Hotel/Casino, Inc., 200 F. Supp. 2d 1082, 1085 (W.D. Mo. 2001).

The Due Process Clause of the Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); accord World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum and the litigation.'" Calder v. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, 444 U.S. at 297.

This Court is to consider the following factors when resolving a personal jurisdiction inquiry: "(1) the nature and quality of [a defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties." Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). "A single tortious act is sufficient

4

to support personal jurisdiction consistent with due process standards." Peabody Holding Co., Inc. v. Costain Group PLC, 808 F. Supp. 1425, 1437 (E.D. Mo. 1992). However, "plaintiff may not invoke tortious long-arm jurisdiction consistent with due process where the non-resident defendant had no contact with Missouri besides the extraterritorial acts having consequences in Missouri." Id.

Upon careful consideration of the above factors, the Court finds that defendants Pinnacle and Pinnacle #2 have not had any contact with the State of Missouri, except tangentially through their corporate connections to defendant Novus. Accordingly, this Court will look to state law to determine whether to pierce the corporate veil. Epps v. Stewart Information Services Corp., 327 F.3d 642, 649 (8th Cir. 2003). "[U]nder the internal affairs doctrine, the applicable law in . . . adjudicating a veil piercing claim is the state law under which the corporation exists." In re Bridge Info. Sys., Inc., 325 B.R. 824, 831 (Bankr. E.D. Mo. 2005). As Pinnacle and Pinnacle #2 are organized under Arkansas law, this Court will look to Arkansas law on this issue.

"Personal jurisdiction can be properly asserted over a corporation if another is acting as its alter ego, even if that alter ego is another corporation." Epps, 327 F.3d at 649. The "alter ego doctrine" of piercing the corporate veil "fastens liability on the individual who uses a corporation merely as an instrumentality to conduct his own personal business, and such

5

liability arises from fraud or injustice perpetrated not on the corporation but on third persons dealing with the corporation. The corporate form may be disregarded only where equity requires the action to assist a third party." In re Ozark Rest. Equip. Co., 816 F.2d 1222, 1225 (8th Cir. 1987) (interpreting Arkansas law) (citations, footnotes and quotations omitted).

Plaintiff has not alleged sufficient facts to establish that either defendant Pinnacle or Pinnacle #2 has enough control over defendant Novus to use the corporation in the aforementioned manner. While defendant Pinnacle is the sole owner of defendant Novus and the Arkansas Secretary of State lists Pinnacle as the manager and a member of Novus, neither Pinnacle nor Pinnacle #2 is shown to have complete domination over defendant Novus' policies and business practices such that defendant Novus at the time of the alleged wrongful acts had no separate mind, will or existence of its own.[3] See 66, Inc. v. Crestwood Commons Redevelopment Corp., 998 S.W.2d 32, 40 (Mo. 1999). Furthermore, plaintiff has failed to establish that the corporate structure has been illegally or fraudulently abused to the detriment of a third person. See Thomas v. Southside Contractors, Inc., 543 S.W.2d 917, 919 (Ark. 1976). Consequently, this Court is not persuaded to pierce the corporate veil and finds that it does not have personal jurisdiction over defendants Pinnacle and Pinnacle #2.

---

[3] The Court also notes, that defendant Pinnacle #2 was created after the instant action was filed.

Defendant Moore does not own any real property in Missouri, does not have any regular business contacts in Missouri, and has only interacted with the allegedly infringing products in his official capacity as the president of defendant Novus. "[A] corporate officer may be held individually liable for tortious corporate conduct if he or she had actual or constructive knowledge of, and participated in, an actionable wrong." State ex rel. Doe Run Resources Corp. v. Neill, 128 S.W.3d 502, 505 (Mo. 2004) (en banc) (citations and quotations omitted). However, "if any connection [corporate officer] had with the commission of the tort occurred without the forum state . . . under sound due process principles, the nexus . . . is too tenuous to support jurisdiction." Columbia Briargate Co. v. First Nat'l Bank, 713 F.2d 1052, 1064-65 (4th Cir. 1983), (cited with approval in Hanline v. Sinclair Global Brokerage Corp., 652 F. Supp. 1457, 1461 (W.D. Mo. 1987)). Given that Wal-Mart took possession of the products at issue in Arkansas, plaintiff has alleged insufficient facts by which defendant Moore could fairly be said to have purposefully availed himself of the privilege of conducting activities in Missouri. Despite defendant Moore's position as president of defendant Novus, given his limited contact with the State of Missouri, an exercise of jurisdiction over defendant Moore would offend "traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316.

Plaintiff in its response requests an opportunity to conduct discovery limited to the issues of personal jurisdiction and related matters. Movants have noted and plaintiff has not refuted that no discovery is currently pending. This Court issued a case management order allowing discovery to begin over six months ago and plaintiff's first amended complaint, which added movants as defendants, was filed over three months ago. Plaintiff's failure to conduct or initiate sufficient discovery to this point belies its assertion that further discovery would aid this Court's determination. Consequently, this Court will not grant plaintiff's request for further discovery.

As noted above, movants seek, in the alternative to dismissal, an order transferring the instant action to the Western District of Arkansas. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The instant action could have been brought in the Western District of Arkansas where all defendants reside. Concerning the determination whether to transfer the instant action, plaintiff argues that this Court should consider all three factors listed in 28 U.S.C. § 1404(a). Even upon careful consideration of the convenience of the parties and witnesses, the Court finds that it is in the interest of justice to transfer this

case to the Western District of Arkansas where the court will have personal jurisdiction over all the defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of personal jurisdiction or, in the alternative, motion to transfer of defendants Pinnacle, Pinnacle #2, and Moore [Doc. #40] is denied with respect to the motion to dismiss and granted with respect to the motion to transfer.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Arkansas.

Dated this ____8th____ day of November, 2006.

            /s/Donald J. Stohr
            UNITED STATES DISTRICT JUDGE